DUANE S. EVERSON, RESPONDENT, v. ALBERT F. JOHNSON, APPELLANT, IMPLEADED WITH OTHERS.

*Notice of sale of real estate—need not be published in all the editions of the paper issued on the days of publication.*

A sale of real estate, under a decree of foreclosure, will not be set aside because the notice of sale was not published in all the editions of the paper issued on the days on which the notice was published.

APPEAL from an order made at a Special Term, denying a motion for a resale of mortgaged premises belonging to the defendant, Johnson, under a decree for the foreclosure of a second mortgage thereon.

The sale was sought to be set aside for a defect in the advertisement of the notice thereof.

The defendant's affidavit stated that the notice was only published in what was known as the two o'clock edition of the *Brooklyn Eagle;* that but few people knew of this edition, and that but few copies of it were sold. "That said two o'clock edition is not the newspaper, but only an edition thereof, and not a newspaper. That said two o'clock edition is of very limited circulation, and a notice of sale printed therein would not be publicly advertised, for the reason that said edition of said paper is of very limited circulation and is not publicly exposed or placed on the files of said paper, open to public inspection; and that said notice, though printed in said two o'clock edition for a great number of times, would only be seen by a few persons, and not by the persons who are in the habit of reading said *Brooklyn Daily Eagle*. For the reason also that the said newspaper is published in three editions daily, to wit : two o'clock, three o'clock, and four o'clock editions; that but very few, if any, of the two o'clock editions are sold or circulated ; that the other editions, being the ones from which said notice was omitted, except as aforesaid, are the only editions of said newspaper which are placed on the public files, or placed in the hands of the

public generally, and an omission from said last two named editions on the day on which it ought. to have appeared therein, would be likely* to lead any one who was watching for such sale to think that it had been abandoned. That an edition of said paper is not the paper within the meaning of the law, and that said notice could only be publicly advertised in said paper in accordance with the spirit and letter of the statute by printing in the said paper designated, and on the days designated, the said notice of sale."

*George R. Carrington*, for the appellant.

*Thomas Hooker*, for the respondent.

DYKMAN, J. :

Applications to vacate and set aside judicial sales and for resales under judgments and executions are not infrequent, and are addressed to the sound discretion of the court. It is not intended by this that they are addressed to that discretion which cannot be governed by any fixed principles or rules, nor to the arbitrary will of the judge, but to "a legal discretion to be exercised in discerning the course prescribed by law," not to give effect to the will of the judge, but to that of the law.

The discretion is exercised, and the power of the court is interposed where there has been fraud or misconduct in any person connected with the sale, or accident, misapprehension or surprise, caused by the conduct of the purchaser or inadequacy of price, with other sufficient circumstances. These are reasons which have been held sufficient, and others will doubtless be held adequate as they arise. The great end and aim being, in all cases, the prevention of wrong and injustice.

Within no reason heretofore recognized by the courts, can the present application be granted. There is here no complaint of any inadequacy of price, nor of any misapprehension or misconduct, but the motion seems to be founded on the allegation that notice of sale was not published in all the editions of the paper issued on the days when the notice was published. Unless this omission was followed by some injurious results, it is not sufficient of itself to set aside the sale. If notice of a judicial sale is published in a

proper newspaper for the requisite time, the end of the law is answered, and the number of copies to be printed and issued is not prescribed; no complaint is made of the attendance at the sale, nor that any were prevented from attending by want of notice. The defendant who makes this motion had ample notice, and was present; certainly he can make no complaint of the treatment he has received from the plaintiff since the commencement of the action. A spirit of fairness has pervaded the whole proceedings, and there is not sufficient reason for ordering a resale.

The order appealed from must be affirmed, with costs and disbursements.

BARNARD, P. J., and GILBERT, J., concurred.

Order affirmed, with costs and disbursements.